IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| DARNELL CARTER,              )<br>                                               )<br>        Plaintiff,                    )<br>                                               )<br>v.                                         )<br>                                               )<br>WILLIAM MCGUINNESS, *et al.*,  )<br>                                               )<br>        Defendants.              )<br>_____) | Case No.  1:07-cv-01373-BLW<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Motion for Appointment of Counsel (Docket No. 25) and Defendants' Motion for a Protective Order (Docket No. 26).

**I.
Background**

On September 19, 2007, Plaintiff filed a Complaint alleging that Defendants were deliberately indifferent to his medical needs.  In particular, he alleged that they were deliberately indifferent to his medical needs that arose out of a knee injury in July 2006 while he was incarcerated at California State Prison Corcoran.  Plaintiff contends he was deprived medical attention and surgery for over eight months.

Order - Page 1

## II.
## Discussion

**A.     Motion to Appoint Counsel**

Plaintiff filed a Motion to Appoint Counsel January 22, 2009. (Docket No. 25). The Court previously denied Plaintiff the appointment of counsel on August 13, 2008. (Docket No. 18). The Court similarly denies the present motion.

There is no constitutional right to have counsel appointed. *Rand v. Rowland*, 113 F.3d 1520, 125 (9th Cir. 1997). In civil cases, counsel should be appointed only in "extraordinary cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). Neither factor is dispositive, and both must be evaluated together. *Id*.

Having reviewed the record in this case, the Court concludes that extraordinary circumstances are not present. Even if it assumed that plaintiff is not well versed in the law and that he stands some chance on the merits, his case is not exceptional. Cases similar to Plaintiff's are filed nearly every day. Additionally, the standard for deliberate indifference is not overly complex for a layperson to understand. *See Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Plaintiff's motion to appoint counsel will be denied.

B.  **Motion for Protective Order**

On February 19, 2009, Defendants moved for a protective order regarding Defendant Dr. McGuinness' responses to discovery propounded by plaintiff.  Defendants maintained that Dr. McGuinness had undergone open heart surgery, was medically disabled and not able to participate in his defense at that time.  On February 24, 2009, the parties stipulated to a 60-day continuance for Dr. McGuinness to respond to discovery.  This stipulation also provided a 90-day continuance for Plaintiff to respond or oppose Defendants' Motion for Summary Judgment.  The Court approved this stipulation on April 1, 2009.

Defendant Dr. McGuinness was granted a 60-day continuance to respond to Plaintiff's discovery requests.  Accordingly, the Motion for Protective Order is moot.

C.  **Motion for Summary Judgment**

Because the Court has now denied Plaintiff's pending request for appointment of counsel, the Court will allow an additional 20 days for Plaintiff to file a response to Defendants' Motion for Summary Judgment.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Plaintiff's Motion to Appoint Counsel (Docket No. 25) is **DENIED**;

2) Defendants' Motion for Protective Order (Docket No. 26) is **MOOT**;

3) Plaintiff has an additional twenty (20) days to respond to Defendants' Motion for Summary Judgment.

DATED: July 14, 2009

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**Order - Page 4**